U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

DEC 1 1 2007

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ALLARICK CLAY #480303 | DOCKET NO. 07-CV-0730 |
| VERSUS | JUDGE DRELL |
| WARDEN TIM WILKINSON, ET AL. | MAGISTRATE JUDGE KIRK |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Again before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Allarick Clay, filed *in forma pauperis* on July 13, 2007. Clay is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, housed at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. Plaintiff named as defendants Warden Tim Wilkinson, Chief V. Lucas, Corrections Corporation of America, Officer K. Bradford, and Officer R. Fisher. Clay claims that the defendants are liable to him for injuries sustained as the result of an attack by another inmate.

This matter has been referred back to the undersigned in light of Plaintiff's memorandum filed on September 19, 2007. For the following reasons, it is recommended that the complaint be DENIED and DISMISSED WITH PREJUDICE.

## STATEMENT OF THE CASE

Plaintiff claims that on January 4, 2006, he was playing cards at a table in Birch Unit at the front of D-1 Tier when Inmate Rip Davis "came up behind me and stabbed me in my left eye with a

shank." [Doc. #1 p.3] Plaintiff alleges that he yelled for a guard, but no one responded "for several minutes." [Doc. #1, p.3] Davis then hit Plaintiff with a chair and stabbed Plaintiff in the neck, under his ear. Plaintiff yelled for another inmate to get help, and the inmate returned with Unit Manager Booker, who had been in her office inside the key. Booker escorted Plaintiff to the infirmary, where he was examined and then transported to E. A. Conway Medical Center. Plaintiff was later taken to L.S.U. Medical Center in Shreveport for surgery. The injury to Plaintiff's eye caused severe damage to the optic nerve, resulting in blindness in the left eye.

## LAW AND ANALYSIS

### I. DELIBERATE INDIFFERENCE IN PREVENTING ATTACK

In his complaint, Plaintiff claims, generally, that the defendants were deliberately indifferent to his health and safety by failing to protect him from the attack and by not responding quickly enough to prevent Inmate Davis from inflicting additional injuries onto Plaintiff. He also claims that the defendants are liable for "negligent practices."

In his "memorandum" in objection to the Report and Recommendation, Plaintiff clarifies that Officer Bradford and Officer Fisher acted with deliberate indifference because they were made aware by an inmate that an assault was taking place, and they did not respond timely to the altercation. Plaintiff claims that

this deliberate indifference resulted in additional injuries being inflicted by a second stabbing and Davis hitting Plaintiff with a chair. Plaintiff claims that, had Bradford and Fisher responded promptly, he would not have been hit with a chair or stabbed the second time. In Plaintiff's initial complaint, he argued that, had Ms. Booker responded faster, the secondary injuries would not have been inflicted.

As discussed in the Report and Recommendation, not "every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Prison officials are not... expected to prevent all inmate-on-inmate violence." Adames v. Perez, 331 F.3d 508, 512 (5th Cir. 2003). The test for "deliberate indifference" is a subjective test: "[A] prison official cannot be found liable ... for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. at 837. "[T]he 'failure to alleviate a significant risk that [the official] should have perceived, but did not' is insufficient to show deliberate indifference." Domino v. Texas Dep't of Criminal Justice, 239 F . 3d 752, 756 (5th Cir.2001)

(quoting <u>Farmer v. Brennan</u>, 511 U.S. at 838).

Plaintiff does not allege that the defendants were deliberately indifferent with regard to the first part of the attack by Davis that resulted in a significant injury to Plaintiff's eye; and, the facts do not indicate that Bradford, Fisher, or any other defendant knew that Plaintiff was at substantial risk of being attacked by Davis. Plaintiff did not alleged a history of violence or threats by Davis; he did not present any facts or argument to show that the defendants knew or should have known that Davis was going to attack him; he did not claim to have warned officials that Davis or any other inmate posed a threat to Plaintiff. In this isolated attack, Plaintiff was allegedly playing cards when Davis approached Plaintiff suddenly from behind and stabbed him without warning. Plaintiff has failed to allege or otherwise establish that the defendants knew that Plaintiff was at any risk of harm by Inmate Davis or any other inmate.

Rather, Plaintiff's claim of "deliberate indifference" involves the response time by Booker and/or the failure to respond by Officers Fisher and Bradford. First, Plaintiff alleges that had Ms. Booker been present or responded faster to the attack, Davis might not have stabbed Plaintiff the second time. This allegation is entirely conclusory.

Plaintiff also claims that, had Fisher or Bradford responded

4

and arrived before Ms. Booker did, Davis may not have been able to stab Plaintiff the second time or hit him with the chair. Again, Plaintiff makes a wholly conclusory allegation. He alleges that it took "several minutes" for Booker to be notified about and respond to the attack. Still, nothing in Plaintiff's complaint suggests that the defendants were guilty of wanton conduct amounting to deliberate indifference. There are no allegations that Booker, Fisher, or Bradford intentionally or even wantonly waited "several minutes" to respond to the attack.

In considering whether an Eighth Amendment violation has occurred, cases also look to whether there was a "substantial" or "pervasive" risk of harm. A "pervasive" risk of harm may not ordinarily be shown by pointing to a single or isolated incidents. See e.g. Falls v. Nesbitt, 966 F.2d 375, 378 (8th Cir. 1992) (holding a "pervasive risk" is something more than a single incident and something less than a riot). Plaintiff cites a single incident in which he was attacked by another inmate. An inmate is unlikely to recover under Section 1983 for injuries sustained in an isolated assault unless he can prove that the authorities either "set him up" for the assault or deliberately ignored his repeated and clearly well-founded claims of danger. There are no allegations that the defendants set Plaintiff up for the attack or ignored claims of danger prior to the attack. There is no allegation that the officials knew or should have been aware that

there was a likelihood that Davis would seek out and attack Plaintiff. Plaintiff has not alleged that Davis threatened him prior to the assault. Plaintiff's complaint, objection, memorandum, and exhibits, construed liberally, allege negligence on the part of the defendant(s), which is not sufficient to succeed in a Section 1983 case.

In order to state a viable claim under § 1983, "a plaintiff must ... prove that the alleged constitutional deprivation was not the result of mere negligence," Farmer v. Brennan, 511 U.S. 825, 835 (1994), since "[t]he negligent deprivation of life, liberty or property is not a constitutional violation" Campbell v. City of San Antonio, 43 F.3d 973, 977 (5th Cir.1995). Plaintiff could, at best, establish negligence on the part of the defendants; therefore, his failure to protect claim should be dismissed as frivolous.

Additionally, it is noted that the severe injury suffered by Plaintiff came from the first stab wound to the eye. Plaintiff has not specified more than de minimis injuries from the subsequent puncture and blow. Plaintiff clearly argues that the deliberate indifference of the guards was exhibited *following* the initial stab wound to the eye, which caused the serious injury. Plaintiff has simply not established that the defendants "consciously disregard[ed] a substantial risk of serious harm," which is necessary if the plaintiff is to state a claim cognizable under §

1983. Farmer, 511 U.S. at 826.

## II. FAILURE TO CURB THE MANUFACTURING OF WEAPONS & DEFICIENCIES IN SECURITY

Plaintiff argues that the defendants were deliberately indifferent to his safety by "failing to curb the manufacturing of weapons" and by deficiencies in security. Plaintiff correctly asserts that prison officials must take reasonable measures to ensure the safety of inmates. Because Davis managed to attack Plaintiff with a shank, Plaintiff concludes that the defendants have violated that duty and Plaintiff's Eighth Amendment rights.

Plaintiff argues that the hobby shops contain metal, glass, wood, and other materials that are used to make weapons. He claims that the officers are on notice that such weapons are being made and pose a substantial risk of serious harm, to which the defendants have responded with "deliberate indifference." See Farmer, 511 U.S. 825 at 834. Thus, rather than arguing that he was subject to a particular threat of harm from a specific inmate, Plaintiff argues that he was subject to a generalized threat of harm from the use of "homemade" weapons. See Farmer, 511 U.S. at 843 (1994) (indicating "[t]he question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health,' . . . and it does not matter whether the risk comes from a single source or multiple sources, any more

7

than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk."). Plaintiff directs the Court to the rule of law adopted by the Supreme Court in Farmer: "Under the test we adopt today, an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842-843.

However, it should be noted that the danger does not come from the hobby shop, the materials, or the weapons themselves. It comes from the use of those weapons, which may increase the risk of violence, but their existence is only one fact to be considered in the overall question of whether or not prison officials have acted in a willful and wanton manner in inflicting unnecessary pain. See Francisco v. Hebert, 05-CV-1850 (W.D. LA. 2007), 2007 U.S. Dist. LEXIS 45271, 2007 WL 1805772 (citing Shrader v. White, 761 F.2d 975, 981 (4th Cir. 1985)). "But, the stark reality of prison life is that virtually anything can be employed as a weapon, e.g., a pencil can become a dagger; an electric cord a garrote, a lock inside a sock a bludgeon; human excretion a poison. Pool cues, brooms, and chairs have all been used as weapons at one time or another. The pervasive risk of harm from which inmates are entitled to be protected is not the knife, but the act of assault. The

courts have been unwilling to establish constitutional liability solely on the basis of the existence of weapons within an institution." Id. citing Bogard v. Cook, 586 F.2d 399, 418 (5th Cir.), cert. denied, 444 U.S. 883 (1979).

In his memorandum in objection to the Report and Recommendation [Doc. #6], Plaintiff alleges a pervasive risk of harm from use of the knives and inadequate response from officials. Plaintiff makes a conclusory allegation that prison officials simply ignore the problem and fail to take action to prevent the manufacture and possession of weapons. Plaintiff urges that he was subject to a substantial risk of harm and concludes that the defendants were deliberately indifferent to his safety. After considering the record as a whole, including the information presented in Plaintiff's memorandum, the Court finds that Plaintiff has failed to state a claim for which relief can be granted under Farmer v. Brennan.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED and DISMISSED WITH PREJUDICE,** as the claims are frivolous and fail to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)(1).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(c)) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _10th_ day of _December_, 2007.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE